UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JUAN FERNANDEZ,

    Petitioner,

vs.

JEFFREY BEARD,

    Respondent.

No. C 13-4671 PJH (PR)

**ORDER REOPENING CASE AND FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a state prisoner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was dismissed without prejudice as petitioner had not paid the filing fee or filed an application to proceed in forma pauperis. After it was closed petitioner paid the filing fee, therefore the case will be reopened and the court will review the petition. Petitioner was convicted in Mendocino County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

A jury convicted petitioner of first degree robbery, kidnaping to commit robbery, first degree burglary and assault with a deadly weapon. He was sentenced to eight years to life in prison and a determinate term of 22 years and eight months. Petitioner states that he appealed to the court of appeals and state supreme court, but those appeals were denied and his habeas petition to the California Supreme Court was also denied.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

As grounds for federal habeas relief, petitioner asserts: (1) the CALCRIM 400 jury instruction violated his right to a jury trial and due process under the Sixth and Fourteenth Amendments; (2) there was insufficient evidence to support the kidnaping to commit robbery conviction; (3) there was prosecutorial misconduct; and (4) appellate counsel was ineffective for failing to raise all of these claims. These claims are sufficient to require a response.

**CONCLUSION**

1. The judgment entered on December 3, 2013, is **VACATED**, and this case is **REOPENED**.

2. The clerk shall serve by regular mail a copy of this order and the second amended petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of

the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  December 17, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.13\Fernandez4671.osc.wpd